FILED IN OPEN COURT
6/20/2016
TIMOTHY M. O'BRIEN, CLERK
BY M. Garrett
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>SEAN P. HALL,<br>a/k/a "Chef,"<br><br>Defendant. | Case No. 15-40086-05-DDC |

## PLEA AGREEMENT

The United States of America, by and through Assistant United States Attorney, Christine E. Kenney, and Sean P. Hall the defendant, personally and by and through his counsel, Thomas R. Telthorst, hereby enter into the following Plea Agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1. **Defendant's Guilty Plea.** The defendant agrees to plead guilty to Count 1 of the Information charging a violation of 18 U.S.C. § 371, that is, Conspiracy to Commit Interstate and Foreign Travel or Transportation in Aid of Racketeering Enterprises, in violation of 18 U.S.C. § 1952; Interstate Transportation for Purposes of Prostitution, in violation of 18 U.S.C. § 2421; and, Inducement of Interstate Travel for Purposes of Prostitution, in violation of 18 U.S.C. § 2422(a). By entering into this Plea Agreement, the defendant admits to knowingly committing the offense(s), and to being guilty of the offense(s). The defendant understands that the maximum sentence which may be imposed as to Count 1 of the Information to which he has agreed to plead guilty is not more than 5 years of imprisonment, a $250,000 fine, 3 years of supervised release, and a $100 mandatory special assessment.

1

2.      **Factual Basis for the Guilty Plea.** The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

> Frank Boswell was a known pimp and had been operating a prostitution organization in the Topeka, Kansas area since at least 2008. At times, Boswell had as many as 20 females working for him as prostitutes ("commercial sex workers"). Boswell rented houses where he allowed some of the commercial sex workers to live. Boswell utilized web based escort sites to advertise the commercial sex workers, and used cell phones and Facebook to maintain contact with the commercial sex workers. The cell phones were also used to arrange dates for the commercial sex workers. For example, Boswell would direct the commercial sex workers to travel to another city, such as Joplin, Missouri, Omaha, Nebraska, or Junction City, Kansas, for the purpose of engaging in commercial sex acts. Boswell or someone else in the organization posted an escort ad for the commercial sex workers, and included the telephone number for customers to arrange a meeting with the commercial sex worker. The commercial sex workers sent Boswell or the person in charge of tracking the jobs a text message when the appointment was made, when the customer arrived to confirm everything was good, and when the appointment was completed and the amount of money made. Depending upon the particular situation, sometimes the worker wired the money to Boswell before the worker returned to Topeka. All the money from the commercial sex acts was turned over to Boswell.
>
> Beginning in 2012, the defendant, Sean P. Hall, worked for Boswell at Club Magic, a nightclub in Lawrence, Kansas. The defendant became a trusted associate of Boswell's. Boswell explained to the defendant how his prostitution business worked. The defendant participated in Boswell's prostitution business. The defendant transported commercial sex workers to and from prostitution jobs. The defendant posted photos of commercial sex workers to internet sites such as Backpage.com for the purpose of advertising the commercial sex workers' services. The defendant posted reviews of the commercial sex workers on other internet sites such a "ECCI," a website known for advertising prostitution and reviews of prostitution.
>
> During the period of time that the defendant was involved in Boswell's prostitution organization, the defendant or some other participant and co-conspirator used cell phones, the internet, and other facilities in interstate commerce to engage in and promote the business of prostitution; transported a person across state lines for purposes of engaging in prostitution; and, induced a person to travel across state lines for purposes of engaging in prostitution. Overt acts in furtherance of the conspiracy occurred in the District of Kansas.

3.      **Application of the Sentencing Guidelines.** The parties request that the Court apply the United States Sentencing Guidelines (Guidelines) to calculate the applicable sentence

and impose a sentence consistent with the Guidelines. The defendant agrees to waive all constitutional challenges to the validity of the Guidelines. The defendant understands and acknowledges that the Court will find, by a preponderance of the evidence, the facts used to determine the offense level, and in making its findings, that the Court may consider any reliable evidence, including hearsay. Nothing in this section prevents the parties from filing objections to the Presentence Report prepared by the United States Probation Office, or from arguing the application of specific sections of the Guidelines. The parties agree that the Court will determine the final Guideline range. The parties understand this Plea Agreement binds the parties only and does not bind the Court.

4. **Relevant Conduct.** The parties have agreed to the application of the Guidelines. Therefore, the defendant agrees that the conduct charged in any dismissed counts, as well as all other uncharged related criminal activity, will be considered as relevant conduct for purposes of calculating the offense level for the count(s) of conviction, in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3.

5. **Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the Acting United States Attorney for the District of Kansas agrees:

(a) to move to dismiss the original Indictment at the time of sentencing;

(b) to not file any additional charges against the defendant arising out of the facts forming the basis for the present Information or original Indictment;

(c) to recommend a sentence at the low end of the applicable Guideline range;

(d) to recommend the defendant receive a two (2) level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. In addition, if his offense level is 16 or greater, prior to any reduction for acceptance of responsibility, and the Court finds he qualifies for a two-level reduction, the United States will move at the time of sentencing for an additional one-level reduction for acceptance of responsibility because he timely notified the government of his intention to enter a plea of guilty;

3

(e)   to recommend to the United States Probation Officer that the defendant's total offense level be determined to be level 14 pursuant to U.S.S.G. § 2G1.1(a)(2); and

(f)   in the event the United States requests the Court to consider reducing the defendant's sentence for his substantial assistance, as discussed below, to allow the defendant to argue for a greater reduction for that substantial assistance than the United States recommends.

The United States' obligations under this Paragraph are contingent upon the defendant's continuing to manifest an acceptance of responsibility. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct the Court determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in additional criminal conduct, the United States reserves the right to petition the Court for a hearing to determine if he has breached this Plea Agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this Plea Agreement; (2) has willfully obstructed or impeded the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in additional criminal conduct; or (4) has otherwise failed to adhere to this Plea Agreement's terms, the United States shall not be bound by this Paragraph, and may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this Plea Agreement, he understands and agrees that all statements he made, any testimony given before a grand jury or other tribunal, or any leads from such statements or testimony, shall be admissible against him in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule

4

of Evidence 401, or any other federal rule that pertains to the admissibility of any statements he made subsequent to this Plea Agreement.

6. **Defendant's Agreements.** The defendant agrees to cooperate fully and truthfully with the United States. Specifically, the defendant agrees:

(a) to provide truthful, complete, and accurate information and testimony in the trial of this matter, before any grand jury proceeding, or in any related hearing;

(b) to provide all information concerning the defendant's knowledge of, and participation in the offenses charged in the Information and original Indictment and all related conduct; and

(c) in the event the United States requests the Court to consider reducing the defendant's sentence for his substantial assistance, as discussed below, to not request a downward departure for anything other than his substantial assistance, and to not request a variance for any reason under 18 U.S.C. § 3553(a).

7. **Substantial Assistance.** The defendant acknowledges that he has not yet provided substantial assistance within the meaning of U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). He also acknowledges and understands that the determination as to whether he has provided substantial assistance and whether a U.S.S.G. § 5K1.1 motion will be filed are left entirely and exclusively within the discretion of the United States. If the United States makes a determination that he has provided substantial assistance, the United States shall request that the Court consider reducing the sentence he would otherwise receive under the applicable statutes and/or sentencing guidelines, pursuant to 18 U.S.C. § 3553(e), 28 U.S.C. § 994(n), and U.S.S.G. § 5K1.1.

8. **Sentence to be Determined by the Court.** The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence he will receive.

9. **Information Provided by Defendant.** The United States agrees to not use new information the defendant provides about his own criminal conduct, except as specifically authorized by U.S.S.G. § 1B1.8. As such, this information may be revealed to the Court, but may not be used against him to determine his applicable Guideline range or to depart above the applicable Guideline range. Defendant understands and agrees, however, that under U.S.S.G. § 1B1.8, there shall be no such restrictions on the use of the information: (1) previously known to the United States; (2) revealed to the United States by, or discoverable through, an independent source; (3) in a prosecution for perjury or giving a false statement; or (4) if the defendant breaches this Plea Agreement.

10. **Withdrawal of Plea Not Permitted.** The defendant understands that if the Court accepts this Plea Agreement, but imposes a sentence with which he does not agree, he will not be permitted to withdraw his guilty plea.

11. **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100 per count of conviction will be entered against him at the time of sentencing. The defendant agrees to deliver to the Clerk of the United States District Court payment in the appropriate amount no later than the day of sentencing. If the defendant fails to make full payment of the special assessment, the United States will no longer be bound by the provisions contained in Paragraph 5 of this agreement. The defendant has the burden of establishing an inability to pay the required special assessment. The parties acknowledge that if the Court finds the defendant is without resources to pay the special assessment at the time of sentencing, the Court may allow payment during his period of incarceration.

12. **Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, including

the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release. The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed. The defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court departs upwards from the sentencing Guideline range that the Court determines to be applicable. However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the forgoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

13. **FOIA and Privacy Act Waiver.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552. The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

14. **Full Disclosure by United States.** The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant

to determining the appropriate sentence in this case. This may include information concerning his background, character, and conduct, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the count to which he is pleading guilty. The United States may respond to comments he or his attorney makes, or to positions he or his attorney takes, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this Plea Agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

15. **Parties to the Agreement.** The defendant understands this Plea Agreement binds only him and the Acting United States Attorney's for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

16. **No Other Agreements.** The defendant has had sufficient time to discuss this case, the evidence, and this Plea Agreement with his attorney and he is fully satisfied with the advice and representation his attorney provided. Further, the defendant acknowledges that he has read the Plea Agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this Plea Agreement supersedes any and all other agreements or negotiations between the parties, and that this Plea Agreement embodies each and every term of the agreement between the parties.

17. The defendant acknowledges that he is entering into this Plea Agreement and is pleading guilty because he is guilty. He further acknowledges that he is entering his guilty plea freely, voluntarily, and knowingly.

_____       Date: 6·17·2016
Christine E. Kenney
Assistant United States Attorney


_____       Date: 6/17/2016
Duston J. Slinkard
Criminal Chief/Supervisor


_____       Date: 6/20/16
Sean P. Hall
Defendant


_____       Date: 6-20-16
Thomas R. Telthorst
PO Box 172471
Kansas City, KS 66117
Counsel for Defendant

9